# Reassignment of Assistant Secretary of Labor Without Senate Reconfirmation

Where the Secretary of Labor exercises statutory power to reassign the duties of a lawfully confirmed Assistant Secretary of Labor whose duties are not otherwise assigned by statute, reconfirmation of the Assistant Secretary is not legally required.

November 2, 1995

MEMORANDUM OPINION FOR THE COUNSEL TO THE PRESIDENT

Over the past few days, this Office has considered whether Senate reconfirmation of Anne H. Lewis as an Assistant Secretary of Labor is legally required. The answer to this question is clear: the Senate, having already confirmed Ms. Lewis as an Assistant Secretary of Labor, need not do so again.

Under 29 U.S.C. § 553,

[t]here are established in the Department of Labor nine offices of Assistant Secretary of Labor, which shall be filled by appointment by the President, by and with the advice and consent of the Senate. Each of the Assistant Secretaries of Labor shall perform such duties as may be prescribed by the Secretary of Labor or required by law.

Congress has provided that "[o]ne of such Assistant Secretaries shall be an Assistant Secretary of Labor for Occupational Safety and Health," *id.*; another, the "Assistant Secretary of Labor for Mine Safety and Health," *id.* § 557a; and a third, the "Assistant Secretary of Labor for Veterans' Employment and Training," *id.* § 553 note. The allocation of duties to the other Assistant Secretaries is not set by statute.

On July 29, 1993, in accordance with the statute, the President nominated Anne H. Lewis to be "an Assistant Secretary of Labor." 139 Cong. Rec. 17,906 (1993). Although some of the references in the Congressional Record to the committee hearings on the nomination characterize the position for which she was nominated as "Assistant Secretary [of Labor] for Public Affairs," *see id.* at D563, the Senate (in accordance with the statute) confirmed her on October 7, 1993, simply as an "Assistant Secretary of Labor." *Id.* at 23,995.

Secretary Reich then exercised his statutory power to assign duties to Ms. Lewis. He first allocated duties to her as Assistant Secretary for Public Affairs. Later, he reassigned her to carry out duties as Assistant Secretary for Policy. When he made this reassignment, Ms. Lewis's name was not sent to the Senate for reconfirmation.

The Secretary acted on the advice of our Office which relied upon a 1976 opinion written by then Assistant Attorney General Antonin Scalia. Memorandum for the Honorable Bobbie Greene Kilberg, Associate Counsel to the President, from Antonin Scalia, Assistant Attorney General, Office of Legal Counsel, *Re: Reassignment of Department Heads Without Reconfirmation by the Senate* (Apr. 2, 1976). Assistant Attorney General Scalia concluded that although the statute required Senate confirmation before the President could appoint an Assistant Secretary of Labor, it did not require the Senate to approve the assignment or reassignment of duties to Assistant Secretaries, once confirmed. Indeed, the statute did not mandate that the Secretary assign any continuing duties at all to any of the "generic" Assistant Secretaries. Each could have served as a general aide to the Secretary.

The Chair of the Committee on Labor and Human Resources, however, has objected to Secretary Reich's actions and believes that the President is required to submit Ms. Lewis for reconfirmation. On October 10, 1995, the Congressional Research Service issued a legal opinion arguing that the Scalia memorandum is wrong and that the duties of Assistant Secretaries of Labor may not be reassigned without a renewed confirmation by the Senate. Memorandum for the Honorable Nancy L. Kassebaum, Chair, Senate Labor and Human Resources Committee, from Morton Rosenberg, Specialist in American Public Law, Congressional Research Service, *Re: Requirement of Reconfirmation by the Senate When the Executive Seeks to Shift an Officer from One Advice and Consent Position to Another* (Oct. 10, 1995) ("CRS Opinion").

In my view, Assistant Attorney General Scalia's opinion was correct and has been powerfully reinforced by a later decision of the Supreme Court. The relevant statutes, on their face, divide Assistant Secretaries into two classes: those whose duties are assigned by statute and those whose duties are allocated to them by the Secretary. When Congress has desired to attach specific duties to an office of Assistant Secretary, it has done so. Congress has not specified any duties for the Assistant Secretary position to which the President appointed Ms. Lewis. The CRS Opinion, which contests Assistant Attorney General Scalia's view, purportedly rests on "Congress' prerogative over the administrative bureaucracy." CRS Opinion at 3. According to CRS, Congress may provide for execution of the laws by officers of the United States, and "under the Necessary and Proper Clause, it has authority to create offices, determine their location in the governmental structure, the qualifications of officeholders, prescribe their appointments, and generally promulgate the standards for the conduct of the offices." *Id.* at 4 (citations omitted). The CRS Opinion, however, ignores the implications of this (valid) premise. It is *Congress*, not the Senate, that may define offices under the Necessary and Proper Clause. The position of Assistant Secretary is statutory and is not a constitutional office. As the Supreme Court held in *INS v. Chadha*, 462 U.S. 919, 951 (1983), "the legislative power of the Federal Government [must]

be exercised in accord with a single, finely wrought and exhaustively considered, procedure." This procedure entails passage by both houses of Congress and presentment to the President. *Id.* To place specific limitations on the duties performed by Assistant Secretaries of Labor, therefore, Congress would have to amend the current statute, using the constitutionally required procedure. Even if the President had nominated Ms. Lewis to be "Assistant Secretary for Public Affairs" (as he did not), or even if the Senate had voted to confirm Ms. Lewis as "Assistant Secretary for Public Affairs" (as it did not), *Chadha* would refute the argument that the Secretary may not reassign Ms. Lewis to new duties without reconfirmation.

In standing upon the principle that the Senate may not aggrandize *itself* by effectively redefining offices established by statute, we would be well supported by practice. Congress has provided, for example, that there are to be ten Senate-confirmed Assistant Attorneys General, "who shall assist the Attorney General in the performance of [her] duties." 28 U.S.C. § 506. We have identified ten instances, the earliest in 1936 and the latest in 1988, in which the Attorney General reassigned an Assistant Attorney General from one division to another without reconfirmation. In our Department's history, there is, as far as we know, no contrary case. To be sure, the first head of the Civil Rights Division, W. Wilson White, was nominated for Senate confirmation in 1958, even though he had been serving as an Assistant Attorney General in charge of the Office of Legal Counsel. However, Mr. White first resigned his position as Assistant Attorney General, received a recess appointment, and then went through the process for confirmation. Thus, when the Senate confirmed Mr. White the second time, he did not hold a Senate confirmed position as Assistant Attorney General.

It is more difficult to ascertain the practice at other agencies. Our files suggest that, even apart from actions by the present Administration, reassignments without new confirmations were made in 1974 (Department of Agriculture), 1976 (Department of Labor), and 1984 (Department of Energy). On the other hand, the Executive Clerk has identified four instances where the Senate was asked to reconfirm an official who was being reassigned. In two of these cases, an Assistant Administrator of the Agency for International Development was transferred to a regional desk. Because the statute fixing the pay of Assistant Administrators distinguishes between "Assistant Administrators" and "Regional Assistant Administrators," 5 U.S.C. § 5315, the appointees apparently were moving to offices with different *statutory* definitions, and the reconfirmations thus appear proper. The other two cases seem to have involved reassignments where reconfirmation was unnecessary and perhaps inappropriate. But these two cases can hardly outweigh the decided practice to the contrary.

Ms. Lewis is lawfully serving as a Senate confirmed Assistant Secretary of Labor, performing duties lawfully assigned to her by the Secretary under 29

U.S.C. § 553. Thus, no further action by the Senate is required for her to continue to serve as an Assistant Secretary of Labor.

WALTER DELLINGER
*Assistant Attorney General*
*Office of Legal Counsel*